UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SAMUEL J. PERO, )
)
    Plaintiff, )
)
v. ) No. 3:14-CV-16-PLR-CCS
)
NORFOLK SOUTHERN RAILWAY, CO., )
)
    Defendant. )
)

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Compel Discovery [Doc. 17] and the Defendant's Motion for Protective Order [Doc. 19]. These motions are now fully briefed and ripe for adjudication. [Docs. 17, 19, 24, 25, 26, 28]. For the reasons stated herein, the Motion to Compel will be **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Protective Order will be **DENIED**.

**I.    BACKGROUND**

Plaintiff filed this suit on January 14, 2014, pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51, *et seq.* [Doc. 1]. Plaintiff is an employee of the Defendant and alleges that he was injured during an effort to remove a tree that was blocking railroad tracks. [See id.]. The Defendant denies any liability. [Doc. 4].

At the time of the Plaintiff's alleged injury, he was a conductor on a locomotive equipped with a RailView camera. The parties do not dispute that this camera likely captured a video recording that demonstrates the position of the tree on the railroad tracks and that the recording is relevant to the issues in this case. To date, Defendant has refused to produce the video recording captured by the RailView camera, because of perceived licensing issues with the software used to view RailView recordings. The issue before the undersigned is whether the Defendant is required to produce the video recording captured by the RailView camera and under what conditions.

## II. POSITIONS OF THE PARTIES

In his Motion to Compel, Plaintiff moves the Court to enter an Order compelling the Defendant to produce a copy of the video that shows Plaintiff at the time he was injured and a copy of the audio that reflects Plaintiffs radio communications with the Defendant at the time he was injured. Plaintiff maintains that the video recording – of a man, a tree, and railroad tracks – is highly relevant evidence in this case that must be produced pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff argues that it is grossly unfair for Defendant to have sole possession of the recording and to demand that Plaintiff's counsel either purchase a copy of RailView software, for approximately $500, or view the recording in the office of Defendant's counsel.

In response, Defendant concedes that it is in possession of the digital video recording produced using the RailView system. Defendant states that the recording can only be accurately view with the proprietary RailView software. Defendant states that it merely owns a license to use the software and providing a copy of the license to Plaintiff for Plaintiff's counsel to use in

viewing the video would exceed the scope of Defendant's own license. Defendant offers to permit Plaintiff's counsel to view the RailView recording at Defendant's counsel's office. Alternatively, Defendant suggests that Plaintiff can pay $500 to obtain its own license to use the RailView software to view the recording.

In its competing Motion for Protective Order, Defendant moves the Court to enter an Order establishing that Defendant is not required to produce the recording made by RailView to Plaintiff until such time as Plaintiff's counsel shows that he has acquired the license for the software for RailView and is not required to pay any RailView licensing fee for Plaintiff. Additionally, Defendant seeks an Order that Plaintiff's use of the software and data be limited to this case only and that Plaintiff return the recording data to the Defendant upon conclusion of this case.

### III. ANALYSIS

The Court will address the pending issues in turn.

#### A. *Transcript of the Radio Communications*

When the parties appeared before the undersigned for oral arguments, Defendant's counsel stated that the Defendant offered to have a transcript of the radio communications produced by a court reporter. Plaintiff's counsel stated that he did not personally remember receiving the transcript. Upon further discussion, it was established that Defendant's counsel had produced a transcript of the radio communications to Plaintiff's counsel. To the extent the Plaintiff moves the Court to compel production of a transcript of the radio communications, the Court finds that the request is moot and it is **DENIED AS MOOT**.

### B. Video of the Recording

There appears to be no dispute that the recording, produced by the RailView equipment attached to the locomotive in question, is relevant discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. The issue before the Court is the conditions the Defendant, as the producing party, can attach to production of this discoverable data.

Rule 34 of the Federal Rules of Civil Procedure states:

> [A]ny designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

Fed. R. Civ. P. 34(a)(1)(A). Rule 34 further instructs that if a requesting party does not specify a form for producing electronically stored information, then the responding party "must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii).

The Comments to the 2006 Amendments address the various types of data that are produced in response to requests to admit, and in pertinent part, the 2006 Comments acknowledge: "Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information."

Other railroad entities have objected to production of similar video recordings in numerous other cases throughout the United States. The Court has reviewed the relevant case law, and the Court finds the holdings in Donahoo v. CSX Transportation, Inc., 4:12-CV-104-JHM-HBB, Doc. 46 (E.D. Ky. July 10, 2014), and Swoope v. CSX Transportation, Inc., 4:13-CV-307-HLM, Doc. 54 (N.D. Ga. Aug. 13, 2014) to be particularly persuasive.

4

After having been presented the same arguments that are before this Court, the court in Donahoo ordered that either: (1) the defendant would either provide the plaintiffs with a laptop computer loaded with the video and the software for viewing the video, which would be used only for that litigation and returned after the litigation, or (2) the plaintiff would procure a software license and the defendant would then reimburse plaintiff for the costs of that license. See 4:12-CV-104-JHM-HBB, Doc. 46 at 2-3.

Similarly, the court in Swoope[1] found arguments that a licensing agreement with the software producer[2] prohibited producing a railroad video to be unconvincing. See 4:13-CV-307-HLM, Doc. 54 at 6-7. The court reasoned that no trade secrets would be lost through permitting the plaintiff's counsel to view the recording, id. at 10, and it noted that the railroad company and software producer "certainly foresaw that LocoCAM recordings would be integral to many lawsuits filed against [the railroad company]," id. at 12. The court in Swoope ordered that the defendant either: (1) produce the recording to the plaintiff in a reasonably viewable form, such as .avi, or (2) if the defendant truly feared a suit being filed by the software company, provide the plaintiff with a copy of the software necessary to view the recording. Id. at 16.

In this case, the Court finds that the Defendant's arguments against producing the recording are not well-taken. Rule 34 clearly envisions that the responding party will bear reasonable burdens in producing discoverable materials in its possession. While the Defendant has consistently argued the uniqueness of its recording software and this conundrum, the undersigned's own experience and the case law indicates the contrary. Police cruiser cameras,

---

[1] In Swoope, the plaintiff also alleged that he was injured when training to move a tree from railroad tracks.
[2] The Defendant alleged that its agreement with GE Software prohibited it from producing a digital video recording collected using LocoCAM software.

5

store cameras,[3] and surveillance cameras often use unique operating software, which is almost always embedded with additional information – date, location, usage of lights or other tools – but the existence and use of this software cannot insolate against production. As noted by the court in Swoope, the Defendant certainly envisioned the recordings produced by RailView being used in litigation or other claims against it. It cannot use its choice to enter into a software agreement as a shield against producing a relevant piece of discovery, nor can it use the agreement as a basis for attaching burdensome conditions to the production of the recording.

Accordingly, the Court finds that the Plaintiff's request that the Defendant be ordered to produce a copy of the video recording is well-taken. The Court finds that the Defendant's request for a protective order is not well-taken. The Defendant shall elect to either (1) provide the Plaintiff with a laptop computer loaded with the video recording and the software for viewing the recording, which would be used only for that litigation and returned after the litigation, or (2) request that the Plaintiff procure a software license and the Defendant would then reimburse Plaintiff for the costs of that license, within thirty (30) days of its procurement.

---

[3]E.g., store camera video produced in usable format, despite unique software, in a tort case tried before his Court:



C.   *An Award of Fees and/or Sanctions*

Finally, the Court finds that the Plaintiff's request for an award of fees and/or sanctions is not well-taken. The Court finds that the Defendant presented good faith arguments regarding its position, and that under the circumstances, it would not be appropriate to impose an award of fees or sanctions. See Fed. R. Civ. P. 37(a)(5)(C).

IV.   **CONCLUSION**

Based upon the foregoing, the Motion to Compel **[Doc. 17]** is **GRANTED IN PART** and **DENIED IN PART**, and the Motion for Protective Order **[Doc. 19]** is **DENIED**.

On or before **December 12, 2014**, the Defendant shall elect to either (1) provide the Plaintiff with a laptop computer loaded with the video recording and the software for viewing the recording, which would be used only for that litigation and returned after the litigation, or (2) request that the Plaintiff procure a software license and the Defendant would then reimburse Plaintiff for the costs of that license, within **thirty (30) days** of its procurement.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge